IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ANN W. EASLEY BRYANT,**

      **Plaintiff,**

**v.**                                                     **No. 20-cv-1266 SMV**

**WASHINGTON FEDERAL BANK, INC.,**

      **Defendant.**

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND**
**ORDER FOR AMENDED COMPLAINT**

THIS MATTER is before the Court on Plaintiff's Complaint for a Civil Case [Doc. 1]

("Complaint"), filed on December 7, 2020, and Plaintiff's Application to Proceed in District Court

Without Prepaying Fees or Costs [Doc. 2], filed on December 7, 2020.

**Application to Proceed *in Forma Pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court

may authorize the commencement of any suit without prepayment of fees by a person who submits

an affidavit that includes a statement of all assets the person possesses and that the person is unable

to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis,
> it should examine the papers and determine if the requirements of
> [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter,
> if the court finds that the allegations of poverty are untrue or that the action is
> frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed. App'x 879, 884 (10th Cir. 2010) (quoting *Ragan v. Cox*, 305 F.2d

58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was

intended for the benefit of those too poor to pay or give security for costs . . . ." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948). A litigant need not be "absolutely destitute" to proceed *in forma pauperis* under the statute; rather, "an affidavit is sufficient which states that one cannot because of his poverty 'pay or give security for the costs and still be able to provide' himself and dependents 'with the necessities of life.'" *Id.* at 339.

The Court will grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed a declaration stating she is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's monthly income is $429; (ii) Plaintiff's monthly expenses total $429 not including debts or financial obligations; and (iii) Plaintiff has $85 in cash or bank accounts. The Court finds that Plaintiff is unable to pay the costs of this proceeding because she signed a declaration stating she is unable to pay the costs of these proceedings and because her expenses exceed her very low monthly income.

### The Complaint

Plaintiff, who has a savings account with Defendant, alleges that Defendant's employees altered Plaintiff's withdrawals and kept Plaintiff's money from June 2015 through August 2018. Plaintiff asserts claims pursuant to 18 U.S.C. § 1344 and 12 U.S.C., "Chp. 49-Truth in Savings." [Doc. 1] at 3. Title 12 of the United States Code, Chapter 49, is titled "Homeowners Protection." Title 12 of the United States Code, Chapter 44, is titled "Truth in Savings."

The Complaint fails to state a claim upon which relief can be granted pursuant to 18 U.S.C. § 1344, Bank fraud, because 18 U.S.C. § 1344 is a criminal statute. "[C]riminal statutes do not provide for private civil causes of action." *Kelly v. Rockefeller*, 69 Fed. App'x 414, 415 (10th Cir. 2003); *see Diamond v. Charles*, 476 U.S. 54, 64 (1986) (quoting *Linda R.S. v.*

*Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

Moreover, the Complaint fails to state a claim pursuant to 12 U.S.C., Ch. 49, Homeowners Protection (§§ 4901–4910), because 12 U.S.C. §§ 4901–4910 relates to mortgages and there are no allegations in the Complaint relating to mortgages. In addition, "[n]o action may be brought by a mortgagor . . . later than 2 years after the date of the discovery of the violation that is the subject of the action." 12 U.S.C. § 4907(b). Plaintiff has not stated when she discovered the alleged violations.

Finally, the Complaint fails to state a claim pursuant to 12 U.S.C., Ch. 44, Truth in Savings (§§ 4301–4313). The purpose of the Truth in Savings Chapter is "to require the clear and uniform disclosure of—(1) the rates of interest which are payable on deposit accounts by depository institutions; and (2) the fees that are assessable against deposit accounts." 12 U.S.C. § 4301(b). There are no allegations in the Complaint indicating that this case arises from Defendant's disclosure of interest rates or terms of accounts.

## Proceeding *in Forma Pauperis*

Plaintiff is proceeding *in forma pauperis*. The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Webb v. Caldwell*, 640 Fed. App'x 800, 802 (10th Cir. 2016) (quoting *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999) ("We have held that a pro se complaint filed under a grant of *ifp* can be dismissed under § 1915(e)(2)(B)(ii) 'for failure to state a claim . . . only where

it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend.'").

While the Complaint can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim, it is not obvious that it would be futile to give Plaintiff an opportunity to amend. Therefore, the Court will grant Plaintiff leave to file an amended complaint.

### Service on Defendant

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]." 28 U.S.C. § 1915(d). The Court will not order service of Summons and Complaint on Defendant at this time because the Complaint fails to state a claim. The Court will order service if Plaintiff files: (i) an amended complaint that states a claim over which the Court has jurisdiction; and (ii) a motion for service that provides Defendant's address.

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff file an amended complaint **no later than January 8, 2021**. Failure to timely file an amended complaint may result in dismissal of this case.

**IT IS SO ORDERED.**

_____

**STEPHAN M. VIDMAR**
**United States Magistrate Judge**

4