IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANN W. EASLEY BRYANT,

    Plaintiff,

v.                                                                                          No. 2:20-cv-01266-RB-SMV

WASHINTON FEDERAL BANK, INC. and
BRENT J. BEARDALL,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DISMISSING CLAIM AGAINST DEFENDANT BEARDALL AND
ORDERING SERVICE OF NOTICE AND WAIVER**

**THIS MATTER** comes before the Court on *pro se* Plaintiff Ann W. Easley Bryant's Second Complaint for a Civil Case, filed September 9, 2021. (Doc. 13 (SAC).)

**Second Amended Complaint**

Bryant, who deposited funds in a savings account with Washington Federal Bank, alleges that Bank employees made unauthorized withdrawals of "$100,000" from her savings account. (SAC at 4.) Bryant asserts that the Bank "and its President/CEO Brent J. Beardall are directly liable for the conversion . . . of funds belonging to the Plaintiff in her savings account, an intentional tort, by ratification over a period of two years of the wrongful act (conversion) committed by the employees of [the] bank." (*Id.* at 6.)

The Second Amended Complaint fails to state a claim upon which relief can be granted as to Beardall. The only allegations in the Second Amended Complaint regarding Beardall state: (i) Beardall is "President/CEO of Washington Federal Bank;" and (ii) "the CEO and other officers of [the] Bank should have been aware of 'rules broken' concerning the Plaintiff's savings account over the courts of two years." (SAC at 2, 6, 13.) "[T]o state a claim in federal court, a complaint

must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007). The Court dismisses the claim against Beardall for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2) ("the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted").

Construing the Second Amended Complaint liberally as the Court must because Bryant is proceeding *pro se*, Bryant appears to state a claim against the Bank.

> Under basic respondeat superior principles, an employer is liable for an employee's torts committed within the scope of his or her employment. . . . [A]n employer is not generally liable for an employee's intentional torts because an employee who intentionally injures another individual is generally considered to be acting outside the scope of his or her employment.
>
> Nevertheless, [u]nder the aided-in-agency theory, an employer may be held liable for the intentional torts of an employee acting outside the scope of his or her employment if the employee was aided in accomplishing the tort by the existence of the agency relation. . . .
>
> [T]he basis for the aided-in-agency theory is that the employee may be able to cause harm *because of [the employee's] position as agent* of the employer. . . .
>
> We . . . limit[] our adoption of aided-in-agency principles extending vicarious liability to cases where an employee has by reason of his employment substantial power or authority to control important elements of a vulnerable tort victim's life or livelihood.

*Spurlock v. Townes*, 368 P.3d 1213, 1216 (N.M. 2016) (quotation marks and citations omitted). The Second Amended Complaint alleges that the Bank's employees converted Bryant's funds by failing to comply with "'key controls' such as passwords, logging, managerial oversight (including approval signatures) and other safeguards as established by the Office of Comptroller of the Currency for all U.S. banks." (SAC at 7.)

**Service on Defendant**

Bryant is proceeding in forma pauperis pursuant to 28 U.S.C. § 1915. (*See* Doc. 5.) Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]." Because Bryant is authorized to proceed in forma pauperis under 28 U.S.C. § 1915, the Court orders the Clerk of the Court to notify the Bank, at the address provided by Bryant in her Second Amended Complaint, that an action has been commenced and request that the Bank waive service pursuant to Fed. R. Civ. P. 4(d). *See* Fed. R. Civ. P. 4((d)(1) (a "corporation . . . has a duty to avoid unnecessary expenses of serving the summons"). If the docket does not show that the Bank returned the waiver of service within 45 days of entry of this Order, Bryant must file a motion for service if she wants officers of the Court to serve process on the Bank.

**THEREFORE,**

**IT IS ORDERED** that:

(i)   Bryant's claim against Beardall is **DISMISSED without prejudice.**

(ii)  The Clerk of the Court shall notify Defendant Washington Federal Bank that an action has been commenced and request that the Bank waive service pursuant to Fed. R. Civ. P. 4(d). The notice shall include a copy of this Order, a waiver of service form, and a copy of Bryant's Second Amended Complaint (Doc. 13). The Clerk shall mail the notice, waiver of service form, a copy of this Order and a copy of the Amended Complaint to Defendant at the following address:

Washington Federal Bank
425 Pike Street
Seattle, Washington 98101

If the docket shows that the Bank has not returned the waiver within 45 days after service of the notice, waiver form, and copy of the Second Amended Complaint, then Bryant shall file a motion

requesting that officers of the Court serve a copy of the summons and Amended Complaint on Defendant Washington Federal Bank.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE