THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANN W. EASLEY BRYANT,

    Plaintiff,

v.                                                            No. CIV 20-1266 RB/KRS

WASHINGTON FEDERAL BANK, INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Plaintiff Ann Easley Bryant brings suit against Defendant Washington Federal Bank (WFB or the Bank) for conversion. Bryant seeks to supplement her Second Amended Complaint and asserts a jury demand. For the reasons discussed in this Opinion, the Court denies Bryant's motion to supplement and grants the request for a jury trial.

**I.    Relevant Background**

Bryant filed suit against WFB in December 2020, asserting claims under 18 U.S.C. § 1344, 12 U.S.C. §§ 4901–10, and 12 U.S.C. §§ 4303–13. (*See* Doc. 1.) In a Memorandum Opinion and Order granting Bryant's Motion to Proceed In Forma Pauperis, the Court notified Bryant that her Complaint failed to state any claim under the named statutes and gave her an opportunity to file an amended complaint. (*See* Doc. 5.)

Bryant filed a First Amended Complaint on January 7, 2021, asserting tort claims and a claim under 18 U.S.C. § 1005 against the Bank and its president, Brent Beardall. (Doc. 6.) The Court sua sponte dismissed the claim brought under § 1005. (Doc. 8.) Bryant filed her Second Amended Complaint on September 9, 2021, asserting claims for conversion based on a number of purportedly unauthorized withdrawals. (Doc. 13.) On September 30, 2021, the Court sua sponte

dismissed Beardall as a defendant and ordered service on the Bank. (Doc. 18.)

The Bank moved to dismiss on March 7, 2022. (Doc. 26.) On October 24, 2022, the Court granted the motion in part. (Doc. 38.) Bryant's claim for conversion remains only as to alleged unauthorized withdrawals made from her WFB checking account on December 8, 2015, and February 17, 2016. (*See id.* at 3, 9–10; *see also* Doc. 13 at 10.)

The Court entered an Initial Scheduling Order on December 2, 2022, and directed the parties to file their Joint Status Report and Provisional Discovery Plan (JSR) no later than January 13, 2023. (Doc. 41.) The Bank timely filed its portion of the JSR and provided notice that "despite reasonable efforts, [WFB] has been unable to obtain Plaintiff's portion of a [JSR]." (Doc. 45 at 1.) On January 23, 2023, Bryant filed "her half" of the JSR. (*See* Doc. 47 at 1.) She also filed a Motion for Extension of Time to file the JSR, explaining that she has been suffering from pain, uses a cane to walk, and does not have a vehicle, all of which have impacted her "ability to complete obligations in a timely manner." (Doc. 48 at 2.) WFB filed a Response to the motion to extend, noting that although it does not oppose the motion to extend the deadline, Bryant "has failed to timely provide her Initial Disclosures to [WFB]." (Doc. 50 at 1.)

Finally, Bryant filed a Notice of Motion to Serve a Supplemental Pleading on January 23, 2023. (Doc. 49.) She seeks leave to supplement the Second Amended Complaint with factual allegations, clarifications of the law, and exhibits that she asserts are relevant to her claim. (*See id.*) Bryant also asserts a demand for a jury trial. (*Id.* at 4–5.) The Bank opposes the motion. (Doc. 51.) Bryant has not filed a reply brief in the time allotted under the Local Rules. *See* D.N.M. LR-Civ. 7.4(a); *see also* D.N.M. LR-Civ. 7.1(b) ("The failure to file and serve a reply in support of a motion within the time prescribed for doing so constitutes consent that briefing on the motion is complete.")

**II.      Motion to Supplement**

Bryant seeks leave to supplement for several reasons: (1) to submit receipts that establish she lived in California during the relevant time period; (2) to add an allegation relevant to when she signed a savings account agreement; (3) to "clarify the IRS requirements for withdrawals over $5,000"; and (4) to add a jury demand under Federal Rule of Civil Procedure 38(b)(1). (*See* Doc. 49 at 1–4.) WFB argues that Bryant has not provided any proper reason to supplement her complaint. (*See* Doc. 51 at 3.)

**A.      Legal Standards**

Bryant's "pro se . . . pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers . . . ." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). The Court may not, however, "serv[e] as the litigant's attorney in constructing arguments and searching the record." *Id.* (citing *Hall*, 935 F.2d at 1110).

Federal Rule of Civil Procedure 15 allows a party to amend its pleading once as a matter of course in limited circumstances. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may only amend its pleading with "opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 directs that leave shall be freely given "when justice so requires." *Id.* A court may deny a motion for leave to amend where there has been "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . ." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

"Rule 15(d) provides that '[o]n motion and reasonable notice, the court may, on just terms,

permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.'" *Zuniga v. TrueAccord*, No. CV 18-683 KG/KRS, 2020 WL 2558229, at *2 (D.N.M. May 20, 2020) (quoting Fed. R. Civ. P. 15(d)). "The purpose of a supplemented complaint is to 'promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed.'" *Id.* (quoting *William Inglis & Sons Baking Co. v. ITT Cont'l Baking Co.*, 668 F.2d 1014, 1057 (9th Cir. 1981)).

"Leave to serve a supplemental pleading 'should be liberally granted unless good reason exists for denying leave, such as prejudice to the defendant[ ].'" *Id.* (quoting *Gillihan v. Shillinger*, 872 F.2d 935, 941 (10th Cir. 1989), *overruled on other grounds by Clark v. Wilson*, 625 F.3d 686, 691 (10th Cir. 2010)). "In fact, '[t]he court should apply the same standard for exercising its discretion under Rule 15(d) as it does for deciding a motion [to amend the complaint] under Rule 15(a).'" *Id.* (quoting *Sw. Nurseries, LLC v. Florists Mut. Ins., Inc.*, 266 F. Supp. 2d 1253, 1256 (D. Colo. 2003)) (citing *Glatt v. Chicago Park Dist.*, 87 F.3d 190, 194 (7th Cir. 1996) (stating that standard for Rule 15(d) "is the same" as for Rule15(a)).

**B.   Analysis**

WFB contends that Bryant's proposed supplement does not conform to the requirements of Rule 15(d), which allows a supplemental pleading to "set[] out any . . . event ***that happened after the date of the pleading to be supplemented***." (*See* Doc. 51 at 3 (quoting Fed. R. Civ. P. 15(d)).) The Tenth Circuit has explained that "[s]upplemental pleadings are . . . appropriate to 'set forth new facts in order to update [an] earlier pleading.'" *Carter v. Bigelow*, 787 F.3d 1269, 1278 (10th Cir. 2015) (quoting 6A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1504 (3d ed. 2014)). Supplemental pleadings "are distinct from amendments to

4

pleadings under Rule 15, which 'relate to matters that occurred prior to the filing of the original pleading.'" *Id.* (quoting Wright & Miller, Federal Practice and Procedure § 1504)). Here, Bryant seeks to supplement her pleading with allegations concerning where she lived in 2015–2016 and related to a signature card she signed in 2015. (*See* Doc. 49 at 2–3.) As the allegations relate to time periods before Bryant filed her original pleading, they are not appropriate under Rule 15(d).

Nor, WFB asserts, are the proposed clarification of IRS regulations or the attached evidence in support of her complaint proper under Rule 15(d).[1] (*See* Doc. 51 at 3–4.) The Court agrees. Bryant has not offered any allegation that may be classified as a transaction or event that occurred after the filing of her original complaint. Allowing the proposed supplements would not serve the purpose of Rule 15(d), which "is to serve judicial economy, avoid multiplicity of litigation, and promote as complete an adjudication of the dispute as possible by allowing the addition of claims which arise after the initial pleadings are filed." *Trujillo v. Town of Taos*, No. CV 08-661 ACT/RLP, 2009 WL 10700044, at *1 (D.N.M. Jan. 15, 2009) (citation omitted). Accordingly, the Court cannot construe Bryant's motion as one brought under Rule 15(d).[2] *See Hunter v. Romero*, No. 19-CV-02969-CMA-NYW, 2021 WL 4947235, at *18 (D. Colo. July 2, 2021).

### III. Jury Demand

Bryant also states that she "has a right to a jury trial" and, pursuant to Federal Rule of Civil Procedure 38, "states her right . . . so as not to lose it." (Doc. 49 at 4–5.) The Court construes this

---

[1] WFB asserts, and the Court agrees, that Bryant "may well be able to provide the receipts she contends support her claim during discovery[] and will be able to make relevant legal arguments or clarifications during the summary judgment stage or at trial." (*See* Doc. 51 at 4.)

[2] The Court declines to construe the motion as one to amend under Rule 15(a), as Bryant fails to submit a proposed Third Amended Complaint pursuant to D.N.M. LR-Civ. 15.1.

as a motion for trial by jury under Federal Rule of Civil Procedure 39. Rule 38 provides in relevant part that "a party may demand a jury trial by . . . serving the other parties with a written demand–which may be included in a pleading–no later than 14 days after the last pleading directed to the issue is served . . . ." Fed. R. Civ. P. 38(b)(1). "A party's failure to properly serve and file a timely jury demand waives his or her right to trial by jury." *Ombe v. New Mexico*, No. CIV 14-0763 RB/KBM, 2017 WL 3393962, at *1 (D.N.M. Aug. 7, 2017) (citing Fed. R. Civ. P. 38(d)).

The Bank argues that Bryant's demand fails both because it is not attached to a pleading and because it is untimely. (Doc. 51 at 4–5.) Yet, even if Bryant's request is insufficient under Rule 38(b), the Court has "discretion, upon motion by a party, to grant a jury trial even where that motion is untimely" under Rule 39. *See Ombe*, 2017 WL 3393962, at *1 (citing Fed. R. Civ. P. 39(b)). "The Tenth Circuit "has held that, absent strong and compelling reasons to the contrary, a district court should exercise its discretion under Rule 39(b) and grant a jury trial." *Id.* (quoting *Nissan Motor Corp. in U.S.A. v. Burciaga*, 982 F.2d 408, 409 (10th Cir. 1992)). "Underlying this holding is the recognition that the decision whether to try a case before a jury is not merely a technicality; rather, this decision implicates a fundamental constitutional right." *Montoya v. Voicestream PCS II Corp.*, No. 02-CV-0985 MCA/LCS, 2003 WL 27385159, at *5 (D.N.M. June 23, 2003) (citing U.S. Const. amend. VII; Fed. R. Civ. P. 38(a)).

The Court finds no compelling reason to deny Bryant this right. *See id.* at *6 (finding that where the pro se plaintiff failed to submit a jury demand under Rule 38 but made the request in the Rule 16 initial pretrial report, there were no "strong and compelling reasons for denying [the p]laintiff the opportunity to try her case before a jury"). WFB contends that Bryant "may seek to argue that by checking the 'Yes' box next to 'Jury Trial' on her civil cover sheets . . . for the First and Second Amended Complaints, she has not waived her right to a jury." (Doc. 51 at 5.) This

6

does not present the full picture. Critically, Bryant also gave the Bank actual notice that she was seeking a jury trial on the first page of her Second Amended Complaint, where she checked "Yes" next to "Jury Trial." (Doc. 13 at 1.) The out-of-district caselaw the Bank relies on is inapplicable under these circumstances. (Doc. 51 at 5–6 (citing *Favors v. Coughlin*, 877 F.2d 219, 220 (2d Cir. 1989); *Hollins v. Hoechst Celanese Corp.*, 134 F.R.D. 299, 300 (S.D. Ala. 1991); *Pinemont Bank v. Belk*, 722 F.2d 232, 235 (5th Cir. 1984)).)

The *Favors* court stated that a civil cover sheet, which "is merely an administrative aid to the court clerk," is insufficient to give notice of a jury demand if it is not served on the defendant with the complaint. *See Favors*, 877 F.2d at 220; *see also Hollins*, 134 F.R.D. at 300 (noting that "[t]he civil cover sheet typically does not accompany the pleadings served on litigants and in fact was not served with the complaint on the defendants in [that] case"). The Second Circuit noted, however, that "[a] *timely served* civil cover sheet on which the 'Jury Demand' box is checked *can*, *without more*, constitute a proper jury trial demand . . . ." *Favors*, 877 F.2d at 220 (citation omitted) (emphasis added). Here, WFB makes no argument that Bryant's Second Amended Complaint was not timely served; nor does it argue that Bryant did not serve the civil cover sheet together with her pleading. (*See* Doc. 51.) More importantly, in addition to checking the "Yes" box on the civil cover sheet, Bryant checked the "Yes" box for "Jury Trial" on the first page of the pleading itself. (*See* Doc. 13 at 1, 16.) Thus, WFB received notice of Bryant's jury demand with her pleading. There is no question that the Bank received adequate notice, because it noted its intent to file a "Motion to Strike Jury Demand" in its Status Report. (*See* Doc. 45 at 7 (stating that "[Bryant] has demanded a jury trial, [but WFB] asserts that the right to a jury trial has been waived").)

"In cases where courts have denied a plaintiff's untimely request for a jury trial, other factors have weighed into the courts' decisions." *Ombe*, 2017 WL 3393962, at *2 (citing *Cordero*

7

*v. Froats*, No. 13-031 JCH/GBW, 2016 WL 7437133, at *1–2 (D.N.M. Oct. 19, 2016); *Henry v. Albuquerque Job Corps Ctr.*, No. 11CV322 WJ/LAM, 2014 WL 12631440, at *1–2 (D.N.M. June 3, 2014)) (subsequent citation omitted). In *Cordero*, the court denied a motion for jury trial under Rule 39(b) where the plaintiff checked "yes" on the jury demand box on the civil cover sheet but later stipulated in writing to a non-jury trial in two joint status reports. *See* 2016 WL 7437133, at *3. The court noted that this stipulation supported a finding that the "[d]efendants were *not* on notice that [the p]laintiff intended the notation on the Civil Cover Sheet to" be a jury demand. *Id.* Moreover, the court found that the parties had discussed a bench trial in a setting before the magistrate judge, and the plaintiff failed to take action to correct the record until "the trial date [was] looming." *Id.* at 1–2. In *Henry*, the "[p]laintiff specifically chose not to demand a jury trial when she filed her original Complaint in 2011 due to the fact that some of her claims were required to go to a bench trial and she felt it would be 'awkward' to have some claims tried before a jury and some tried before a judge." 2014 WL 12631440, at *1. Later, when the only claims that remained were jury trial claims, the plaintiff moved to change the matter to a jury trial. *Id.* The court outlined the potential prejudice to the defendants with the late change. *Id.* at *2 (noting that defendants, who anticipated a bench trial for the preceding three years, might have conducted discovery or approached settlement discussions differently if they had known the matter would be heard before a jury).

Both *Cordero* and *Henry* are inapposite. To start, the plaintiffs in both cases were represented by counsel. Bryant is pro se. It is true that a party's "pro se status in itself does not excuse failure to demand a trial by jury[,]" *Martinez v. AFSCME*, No. CV 04-1425 WJ/WPL, 2006 WL 8444053, at *2 (D.N.M. May 3, 2006) (citing *Jolivet v. Deland*, 966 F.2d 573, 578 & n.10 (10th Cir. 1992)), yet "courts have factored in a plaintiff's pro se status in certain instances[,]" *id.*

8

(gathering cases). Next, unlike the circumstances in *Cordero* and *Henry*, the parties here have not yet started discovery. *See Cordero*, 2016 WL 7437133, at *3 (noting that "[d]iscovery has closed and trial is imminent"); *Henry*, 2014 WL 12631440, at *2 (noting that discovery had ended). Although this lawsuit has been pending for over two years, the parties have not had a scheduling conference, and there are no case management deadlines set. Nor does WFB mount any argument to demonstrate that it would be prejudiced by a jury demand at this stage. In sum, the Court finds that there is no strong or compelling reason to deny Bryant's request for a jury trial and will grant the motion on this issue.

On a final note: the Court understands Bryant is pro se and faces real health and transportation challenges. This is, however, her lawsuit, and the undersigned expects her to diligently pursue it according to the relevant rules. The Court advises Bryant to read and comply with all Local Rules, available at https://www.nmd.uscourts.gov/court-info/local-rules-and-orders/local-rules, and to review the Guide for Pro Se Litigants, available at https://www.nmd.uscourts.gov/representing-yourself-pro-se.

**THEREFORE,**

**IT IS ORDERED** that Bryant's Motion to Serve a Supplemental Pleading (Doc. 49) is **GRANTED in part** (regarding the request for jury trial) and is otherwise **DENIED** (regarding the request to supplement the Second Amended Complaint).

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE