THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANN W. EASLEY BRYANT,

    Plaintiff,

v.                                                          No. CIV 20-1266 RB/SMV

WASHINGTON FEDERAL BANK, INC.,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

Plaintiff Ann Easley Bryant had savings and checking accounts with Defendant Washington Federal Bank (WFB or the Bank).[1] Bryant alleges that in 2015 and 2016, large amounts of money were withdrawn or transferred from her savings account without her knowledge or consent. She seeks to hold WFB liable for conversion.

In a previous Memorandum Opinion and Order, the Court denied Bryant's motion for default judgment and granted in part WFB's motion to dismiss. Bryant now asks the Court to reconsider its ruling. (Doc. 60.) For the reasons discussed below, the Court will **DENY** the motion.

**I.**     **Legal Standard**

Because the Court has not rendered a final judgment, Plaintiff's motion to reconsider "is considered 'an interlocutory motion invoking the [Court's] general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment.'" *Fye v. Okla. Corp. Comm'n*, 516 F.3d 1217, 1223 n.2 (10th Cir. 2008) (quoting *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n.1 (10th Cir. 1991)). Such authority stems from Federal Rule of Civil Procedure 54(b). *See Price*, 420 F.3d at 1167 n.9. "Rule 54(b) provides that a district court can freely reconsider its prior

---

[1] WFB asserts that Bryant has misidentified it as "Washington Federal Bank, Inc." (Doc. 26 at 1 n.1.)

rulings." *Med Flight Air Ambulance, Inc. v. MGM Resorts Int'l*, No. 17-CV-0246 WJ/KRS, 2018 WL 1997292, at *5 (D.N.M. Apr. 27, 2018) (citing *Lujan v. City of Santa Fe*, 122 F. Supp. 3d 1215, 1238 (D.N.M. 2015)). "In addition, the rule 'puts no limit or governing standard [on] the district court's ability to do so, other than that it must do so before the entry of judgment.'" *Id.* (quoting *Lujan*, 122 F. Supp. at 1238 (internal quotation marks omitted)).

**II.     Bryant has identified no reason sufficient for the Court to reconsider its decision.**

Bryant asks the Court to: (1) "set aside ruling [sic] dismissing the claim for conversion from [her] savings account #3819 for the time period from June 26, 2015 to November 15, 2015"; and (2) "set aside the ruling dismissing the claim for conversion from [her] savings account #3819 for the time period from May 5, 2016 until the savings account was closed." (Doc. 60 at 16.)

**A.     June 26, 2015 – November 15, 2015**

The Court found that Bryant's Account Agreement with the Bank precluded all but two of her conversion claims. (*See* Doc. 38 at 8–10.) "The Account Agreement . . . provides that the account holder 'agree[s] not to assert a claim against [the Bank] concerning any error, forgery or other problem . . . unless [the account holder] notified [the Bank] of the [problem] within [60] Calendar Days after [the Bank] made [the] statement available . . . .'" (*Id.* at 8–9 (quoting Doc. 26-B at 4).) Bryant alleges that she did not receive all her account statements between December 2015 and April 2016. (*See id.* at 9 (citing Doc. 13 (2d Am. Compl.) at 9; Doc. 31 at 5).) She discovered the error in May 2016 and asked the Bank to give her the missing statements. (*Id.* (citing 2d Am. Compl. at 9).) The bank gave her printouts of the missing statements with the exception of "the statements covering the December 8, 2015 and February 17, 2016 unauthorized withdrawals from her savings account." (*Id.* (citing 2d Am. Compl. at 9).) The Court found that Bryant alleged facts to show that these two statements alone were not "made available" to her under the Account

2

Agreement. (*See id.*) Accordingly, the Court denied WFB's motion to dismiss the conversion claims for the alleged unauthorized withdrawals made on December 8, 2015, and February 7, 2016. (*See id.*)

Bryant notes that the Account Agreement is dated November 16, 2015. (Doc. 60 at 1.) She argues that this Account Agreement would not apply to any conversion claims *before* November 16, 2015. (*See id.* at 1, 16.) Yet Bryant does not assert conversion claims that pre-date the November 16, 2015 Account Agreement. Bryant mentioned only one allegedly unauthorized transaction prior to November 16, 2015: a September 11, 2015 transfer of $10,000 from her savings account to her checking account. (*See* 2d Am. Compl. at 9.) "She clarifie[d] in a reply brief, however, that her claim for conversion concerns only the unlawful withdrawals from her savings account and not from her checking accounts." (*See* Doc. 38 at 8 (citing Doc. 31 at 6[2]).) The Court thus held "that Bryant has waived any claim for conversion stemming from unauthorized withdrawals and/or transfers of funds from her checking accounts and will dismiss this part of her conversion claim with prejudice." (*See id.*) As Bryant does not ask the Court to reconsider its ruling regarding her checking account, and she did not make any other allegations of conversion pre-dating November 16, 2015, the Court will deny her motion to reconsider on this basis.

Even if she had made claims that pre-dated November 16, 2015, her motion to reconsider would be denied. Motions to reconsider "are inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "Absent extraordinary circumstances, not present here, the basis for

---

[2] Bryant stated: "Only the savings account is included in the lawsuit as that is where the funds were initially deposited." (Doc. 31 at 6.) She explained that she "included instances of irregularities with the checking accounts to point out that there was continual unauthorized manipulation of her accounts by [Bank] employees." (*Id.*)

the second motion must not have been available at the time the first motion was filed." *Id.* Although this argument "could have been raised in prior briefing[,]" *see id.* (citation omitted), Bryant failed to address it. The Court will not consider it now.

### B.     May 5, 2016 – the date the savings account was closed

Bryant asks the Court to reinstate conversion claims from May 5, 2016, though the date her savings account was closed, because "the Bank would not give any reasons for the 'descriptive withdrawals' from [her] savings account nor explain the statement, nor adequately answer questions asked by the Plaintiff." (Doc. 60 at 16–17.) "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *See Servants of Paraclete*, 204 F.3d at 1012 (citing (*Brumark Corp. v. Samson Res. Corp.,* 57 F.3d 941, 948 (10th Cir. 1995)). The Court found these claims are precluded by the Account Agreement. (*See* Doc. 38 at 8–10.) Bryant offers no reason to warrant reconsideration. (*See* Doc. 60.)

Because Bryant has provided no reason for the Court to reconsider its previous rulings, the Court will deny her motion.

## III.    Motion to Extend

Bryant seeks an enlargement of time to file her reply brief. (*See* Doc. 74.) Because WFB did not file a response in opposition, the Court will allow the extension. However, the Court notes that Bryant failed to follow the Local Rules and state whether she made a good-faith request for concurrence. *See* D.N.M. LR-Civ. 7.1(a).

> Generally, pro se litigants are held to the same standards of professional responsibility as trained attorneys. It is a pro se litigant's responsibility to become familiar with and to comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of New Mexico (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of N.M. (Oct. 2022). Should Bryant fail to comply with the Rules in the future, the Court may summarily deny her motions.

**THEREFORE,**

**IT IS ORDERED** that Bryant's Motion to Set Aside Ruling in Part (Doc. 60) is **DENIED**.

**IT IS FURTHER ORDERED** that Bryant's Motion for Extension of Time (Doc. 74) is **GRANTED**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE