IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANN W. EASLEY BRYANT,

    Plaintiff,

v.     No. 2:20-cv-1266 RB/DLM

WASHINGTON FEDERAL BANK, INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court following pro se Plaintiff Ann W. Easley Bryant's failure to respond to the April 26, 2024 Order to Show Cause. (Doc. 115.) On that date, United States Magistrate Judge Damian Martínez entered an Order to Show Cause due to Plaintiff's failure to appear at a telephonic status conference. (*See id.* at 1.) The Court detailed that the order was the fourth Order to Show Cause directed toward pro se Plaintiff Ann W. Easley Bryant since the inception of this lawsuit due to her "failure to consistently participate and/or comply with Court orders." (*See id.* (citing Docs. 10; 59; 104).) Accordingly, Judge Martínez directed Plaintiff to show cause in writing no later than May 20, 2024, why the Court should not assess sanctions against Plaintiff for her failure to comply with Court orders and to prosecute her case. (*Id.* at 3.)

Judge Martínez explicitly warned Plaintiff that, "**[s]hould [she] fail to file a timely and adequate response[,] . . . [he] will recommend that her lawsuit be dismissed as a sanction for her noncompliance and her failure to prosecute.**" (*Id.* at 2 (citing *Olsen v. Mapes*, 333 F.3d 1199, 1203 (10th Cir. 2003); Fed. R. Civ. P. 41(b)).) He further explained that even "a dismissal

without prejudice 'would likely be the equivalent of one *with* prejudice, as it appears that the statute of limitations has run on' Plaintiff's conversion claim." (*Id.* at 2 (citations omitted).)

The deadline for Plaintiff to respond to the Order to Show Cause passed one week ago, and Plaintiff has not filed a response. Having reviewed the record, the Court need not wait for a recommendation, but will dismiss the lawsuit. "Rule 41 permits a court to dismiss a claim or action *sua sponte* for failure to prosecute it or to comply with court orders." *Rathbun v. Bannister*, No. Civ. 22-0053 RB/JHR, 2023 WL 6929139, at *2 (D.N.M. Oct. 19, 2023) (quoting *Pratt v. Franco*, No. CV 18-524 MV/KK, 2022 WL 444255, at *1 (D.N.M. Feb. 14, 2022)). "Employing Rule 41(b) to dismiss a case without prejudice . . . allows the plaintiff another go at prosecution or compliance; accordingly, a district court may, without abusing its discretion, enter such an order without attention to any particular procedures, such as evaluation of the *Ehrenhaus* factors." *Id.* (quoting *Pratt*, 2022 WL 444255, at *1) (quotation marks omitted); *see also Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). As Judge Martínez outlined in the Order to Show Cause, however, a dismissal of Plaintiff's case will function as one with prejudice as it appears the statute of limitations has run on her remaining claim.

> Thus, out of an abundance of caution, the Court will examine the *Ehrenhaus* factors, which include: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."

*Id.* (quoting *Robledo-Valdez v. Smelser*, 593 F. App'x 771, 774–75 (10th Cir. 2014)).

First, Defendants have defended this case for three and one-half years, and they will be prejudiced by Plaintiff's continued failures to both prosecute her lawsuit and to comply with Court orders. *See id.* Second, Plaintiff has repeatedly interfered with the judicial process by her consistent failures to follow orders and abide by the Local Rules. *See id.* (citing *Jones v. Thompson*, 996 F.2d

2

261, 265 (10th Cir. 1993) ("repeatedly ignor[ing] court orders . . . hinder[s] the court's management of its docket and its efforts to avoid unnecessary burdens on the court and the opposing party")). Third, Plaintiff's "repeated refusal to follow Court orders or participate in this case . . . indicate that [her] actions were willful rather than inadvertent." *Id.* (quoting *Walck v. Bernalillo Cnty. Bd. of Comm'rs*, No. 1:18-cv-0039 WJ/LF, 2019 WL 885937, at *3 (D.N.M. Feb. 22, 2019)). Fourth, the Court has given Plaintiff at least two warnings that her case is subject to dismissal for her failures to comply with Court orders or to prosecute her lawsuit. (*See, e.g.*, Docs. 10 at 1–2; 115 at 2–3.) The Court's most recent warning cautioned Plaintiff that dismissal would function as one with prejudice, considering the statute of limitations on conversion claims. (Doc. 115 at 2.)

In sum, the Court finds that dismissal is an appropriate sanction, given the age of this lawsuit, Plaintiff's repeated failures to prosecute and comply with Court orders, and her most recent failure to respond and show an interest in pursuing this action. The Court finds that Plaintiff's repeated failures to comply with the Court's orders, despite the warnings of potential dismissal, demonstrates that lesser sanctions would prove ineffective in ensuring her compliance.

**IT IS THEREFORE ORDERED** that this case is **DISMISSED** without prejudice pursuant to Rule 41(b) for failure to prosecute and failure to comply with Court orders.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE